COX, J.
Clayton Dale Futch is appealing the district court's ruling that he was properly served via certified mail. For the following reasons, we reverse the trial court's ruling.
FACTS
On December 3, 2012, the State of Louisiana filed a rule for child support against Mr. Futch. Jennifer Powell, the applicant, *418 is the mother of the minor child, L.C.F., and qualified for child support services from the State. Mr. Futch was served via certified mail at 212 Jerry Street, West Monroe, Louisiana. The mail was returned to the district court unclaimed on December 29, 2012. On February 19, 2013, the hearing officer recommended that Mr. Futch pay $ 426.32 in monthly support. The district court adopted the recommendation on February 25, 2013. The notice of judgment was sent to Mr. Futch via certified mail to the Jerry Street address. The mail was again returned unclaimed on March 16, 2013.
The State filed a rule for contempt against Mr. Futch on October 6, 2017. Mr. Futch was served via personal service by the Claiborne Parish Sheriff's Office on November 2, 2017.
The initial contempt hearing set for December 5, 2017, was continued to January 9, 2018. The January 9 hearing was continued to February 20, 2018. On January 9, 2018, Mr. Futch, through counsel, filed a petition to annul the judgment of child support. He argued he was never served with process, as required by law, and had no knowledge of the proceedings.
The hearing set for February 20 was continued to March 6, 2018. At the March 6 hearing, Mr. Futch testified that he never lived at the Jerry Street address. He testified that in December of 2012, he lived with his mother on Highway 3062. The caseworker, Yoeisha Parks, testified that the 204 postal verification form, dated November 20, 2012, stated Mr. Futch's last known address was 212 Jerry Street. She further testified that before any court action, the policy of her department required her to send out a 204 postal verification form. The hearing officer found La. Ch. C. art. 640 was applicable. The hearing officer found Mr. Futch in contempt and ordered him to serve a 90-day sentence. The sentence was suspended upon compliance with the following conditions: pay $ 525 and return April 10, 2018. The hearing officer also denied Mr. Futch's request to annul the child support order.
On March 8, 2018, Mr. Futch filed a "motion to object to ruling of the hearing officer." He again argued he was not properly served. He stated that the State relied on La. Ch. C. art. 640, which he argued is inapplicable to child support proceedings. He reiterated that he did not live on Jerry Street, but lived with his mother.
On April 20, 2018, Mr. Futch was ordered by the hearing officer to serve the 90-day contempt sentence. The order stated he would be released upon payment of $ 10,000 toward child support arrearage. The hearing officer recommendations were adopted by the district court on April 17, 2018.
On May 22, 2018, the district court denied Mr. Futch's motion objecting to the ruling of the hearing officer. The district court stated that La. C.C.P. art. 1201 clearly says citation and service are essential in all civil cases except proceedings under the Children's Code, among other proceedings. It further stated that the Louisiana Office of Family Support falls under the juvenile proceedings and under the provisions of the Children's Code. The district court concluded that under the Children's Code, the service though certified mail was sufficient to initiate the proceedings. The hearing officer's March 6 recommendations were adopted by the district court on June 11, 2018. Mr. Futch now appeals.
DISCUSSION
Mr. Futch argues the district court erred in determining he was properly served with notice of the child support hearing via certified mail. He argues the district court's ruling constituted legal error, *419 requiring a de novo review. Mr. Futch points out that La. Ch. C. art. 640, the article used by the State for service, is located within Title VI of the Louisiana Children's Code, "Child in Need of Care." He argues a child support hearing does not fall within Title VI, and therefore, art. 640 does not apply.
We agree with Mr. Futch. The purpose of Louisiana Children's Code Title VI, "Child in Need of Care," is to protect children whose physical or mental health and welfare is substantially at risk of harm by physical abuse, neglect, or exploitation and who may be further threatened by the conduct of others, by providing for the reporting of suspected cases of abuse, exploitation, or neglect of children. La. Ch. C. art. 601. Title VI provides for reporting, investigating, and procedural requirements when confronted with child abuse or neglect. Title VI does not provide a method for setting or collecting child support. The State did not allege child in need of care status in the proceeding against Mr. Futch and mentioned nothing about neglect. Therefore, the service requirements included in Title VI do not apply to the child support proceedings brought against Mr. Futch. The district court erred in determining Mr. Futch was properly served under La. Ch. C. art. 640.
La. Ch. C. art. 104 states that when procedures are not provided for in the Children's Code, the court should proceed in accordance with the Code of Criminal Procedure or Code of Civil Procedure, depending upon the nature of the case. Because the Children's Code does not provide for service of process in the case before us, it is proper to look to the Code of Civil Procedure.
The Code of Civil Procedure allows service via certified mail when reissuing a subpoena in La. C.C.P. art. 1355.1 ; serving every pleading subsequent to the original petition in La. C.C.P. art. 1313 ; serving notice of a final judgment in La. C.C.P. art. 1913 ; serving notice on the State or a political subdivision in La. C.C.P. art. 1704 and 4657.1 ; and, serving notice of a final account filed by a succession representative in La. C.C.P. art. 3335. La. C.C.P. art. 4919 allows citation by certified mail, but requires the reply form be signed to be considered personal or domiciliary service.
The case before us does not present a situation where initial service of process via certified mail is proper under the Code of Civil Procedure. We find that serving Mr. Futch via certified mail was not proper when initiating this child support action. La. C.C.P. art. 2002 provides a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction. For this reason, the final child support judgment against Mr. Futch is void. As such, we respectfully reverse the trial court and remand for further proceedings.
CONCLUSION
The district court's ruling that service was proper under La. Ch. C. art. 640 is respectfully reversed. The final judgment against Mr. Futch is hereby annulled. Costs associated with this appeal are assessed to the State in the amount of $ 1,515. La. R.S. 13:5112. This case is remanded for further proceedings in accordance with this ruling.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Felicia Toney Williams, Frances Jones Pitman, Jeff Cox - Writing, James Mark Stephens, and E. Joseph Bleich.
Rehearing denied.